FILED

AUG 22 2011

~~~~~~~~~~~~ CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LUCILE J. BRADLEY, individually; ) <br> RODNEY J. BRADLEY, individually; ) <br> LUCILE J. BRADLEY, as personal ) <br> representative of the estate of ) <br> Mark E. Bradley; ) <br> LUCILE J. BRADLEY, ) <br> RODNEY J. BRADLEY, and ) <br> KERRIE E. APPLEGATE, as ) <br> co-trustees of the Mark E. Bradley ) <br> Residuary Trust, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> MDC CREDIT CORPORATION, ) <br> f/k/a Midcoast Credit Corporation, ) <br> a New York corporation; and ) <br> PREMIUM ACQUISITIONS, INC., ) <br> f/k/a Midcoast Acquisition ) <br> Corporation, a Florida corporation, ) <br>   ) <br> Defendants. ) | CIV. 09-5032-JLV <br><br> ORDER FOR ENTRY OF <br> MONEY JUDGMENT |

On March 4, 2011, the court entered an order granting in part and denying in part the plaintiffs' motion for summary judgment. (Docket 62). Among other things, the order declared "the defendants, MDC Credit Corporation, f/k/a Midcoast Credit Corporation, and Premium Acquisitions, Inc., f/k/a Midcoast Acquisition Corporation, are jointly and severally responsible for the payment of the federal income tax liability, penalties and interest, for the fiscal year ending March 31, 2004, assessed against PST Investments, Inc., and its former shareholders, Rodney Bradley, Lucile

Bradley, and Lucile Bradley, as Personal Representative of the Estate of Mark E. Bradley, Deceased, totaling $1,469,309 as of September 1, 2010, together with additional penalties and interest assessed to the date of full payment (hereinafter the "IRS Tax Liability")." Id. at p. 21. The order directed "if the defendants fail to pay the IRS Tax Liability on or before May 2, 2011, then upon Bradleys' payment of the IRS Tax Liability, plaintiffs may apply for a money judgment against the defendants, jointly and severally, for such amount." Id. at p. 22.

On May 3, 2011, plaintiffs filed an application for fees and costs and for final judgment (the "Application"). (Docket 66). The Application stated defendants failed to pay the IRS Tax Liability as required by the previous order of the court. Id. Plaintiffs paid the IRS Tax Liability on November 12, 2010, which then totaled $1,481,368.90, in taxes, penalties and interest assessed by the United States Treasury. Id

Following payment of the IRS Tax Liability, plaintiffs recouped $227,205.54 through settlement of a third-party action. (Dockets 66, pp. 3 & 67, ¶6). Plaintiffs request the sum of $227,205.54 be credited to the amount due from defendants on the IRS Tax Liability, leaving a net remaining balance of $1,254,163.40. (Docket 66 at p. 3).

The order of March 4, 2011, also authorized plaintiffs to recover all reasonable attorneys' fees and costs incurred in the United States Tax Court proceedings and this litigation. (Docket 62, pp. 20 & 22). Plaintiffs'

2

Application requests reimbursement for $161,762.43 in attorneys' fees and $15,332.22, in costs. (Docket 66, p. 2). Accompanying the Application are a declaration of Attorney Laurence E. Nemirow (Docket 68), detailed billing statements of the plaintiffs' attorneys with the law firm of Davis, Graham & Stubbs, L.L.P., of Denver, Colorado, (Dockets 68-2 and 68-3), and the detailed billing statements of the plaintiffs' attorneys with the law firm of Bangs, McCullen, Butler, Foye & Simmons, L.L.P., of Rapid City, South Dakota (Docket 68-4). Defendants filed no objections to plaintiffs' Application.

Notwithstanding defendants' lack of objection, the court must decide the reasonable hourly rate which should be applied to any fee award. Hensely v. Eckerhart, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.' "). This starting point is useful, because "[t]his calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id.

Plaintiffs' submissions properly request different hourly rates to reflect the various levels of legal experience of the attorneys involved in the United States Tax Court proceedings and this litigation. (Dockets 68-2, 68-3, and 68-4). Mr. Nemirow filed an expert report on the issue of attorneys' fees. (Docket 68-1). The court finds plaintiffs have "produce[d] satisfactory evidence . . . that [their] requested rates are in line with those prevailing in the community for similar services . . . of reasonably comparable skill,

3

experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984). The court finds the hourly rates for each attorney as set forth in the billing statements to be appropriate for their professional services and appropriate for use in this analysis.

The next step is to multiply that reasonable hourly rate by "the number of hours reasonably expended on the litigation . . . ." Hensley, 461 U.S. at 433. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Id. If "the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. The billing statements provided by plaintiffs' attorneys provide date certain and detailed descriptions of all services provided. Those statements also indicate a significant number hours of work which were deducted by plaintiffs' counsel. See, e.g., Docket 68-2, p. 7.

The court acknowledges the litigation with the IRS involved complex legal issues and there was a significantly higher potential tax assessment at risk. See Dockets 45-5 ($1,904,308); 53-2 ($1,804,217); and 53-3 ($1,781,688). While these notices of tax deficiency were joint and several potential obligations against the plaintiffs, the total combined exposure for taxes, interest and penalties was in excess of $2.7 million. (Docket 68-1, p. 3).

Plaintiffs are the prevailing parties in this litigation which was caused solely by the defendants' failure to abide by their contractual obligations.

"The Share Purchase Agreement and the Guaranty compel defendants, as Guarantors, to pay directly in full the IRS total federal income tax liability, as well as all penalties and interest assessments." (Docket 62, p. 19). "By the unambiguous language of both documents, plaintiffs are entitled to recover from defendants, both jointly and severally, all reasonable fees incurred in the United States Tax Court proceedings and for defendants' breach of their Guaranty obligations." Id. at pp. 20-21.

In conducting a review of plaintiffs' detailed billing statements, the court completed a thorough evaluation of the entries and the activities described. The only hours not directly related to either the United States Tax Court proceedings or this litigation involved the South Dakota state court proceedings. See Docket 68-4, pp. 2-5. Regardless of defendants' conduct, the Estate of Mark E. Bradley would have been initiated and opened in Meade County Circuit Court. The work performed was necessary and appropriate, but not directly related to the issues confronting plaintiffs because of defendants' breach of contract. The court will deduct $1,970.01 in attorneys' fees and $127.75 in costs from plaintiffs' request.

The other hours and professional services provided, both in the United States Tax Court and this litigation, are reasonable and appropriate. Plaintiffs are entitled to recover $159,792.42 in attorneys' fees and $15,459.97 in costs.

Plaintiffs also request prejudgment interest in the event they were required to pay the IRS Tax Liability. (Docket 1, p. 8). "Generally, the award of prejudgment interest, in the absence of statutory directives, rests in the discretion of the district court. . . . Prejudgment interest is to be awarded whenever damages lawfully due are withheld, unless there are exceptional circumstances to justify the refusal." Turn Key Gaming, Inc. v. Oglala Sioux Tribe, 313 F.3d 1087, 1093 (8th Cir. 2002). The court may use the prejudgment interest provisions authorized under South Dakota state law. Id. at 1092. South Dakota allows prejudgment interest to be recovered "from the day that the loss or damage occurred, except during such time as the debtor is prevented by law, or by act of the creditor from paying the debt." SDCL § 21-1-13.1. "Prejudgment interest on damages arising from a contract . . . shall be at the Category B rate of interest specified in § 54-3-16." Id. The rate of interest in Category B is "ten percent per year . . . ." SDCL § 54-3-16.

Plaintiffs paid the IRS Tax Liability on November 12, 2010. The net remaining balance of the IRS Tax Liability for which plaintiffs' seek judgment is $1,254,163.40. (Docket 66 at p. 3). The daily assessment of prejudgment interest on this amount is $343.60. Plaintiffs are entitled to prejudgment interest from the date of their payment through the date of judgment. SDCL § 21-13-13.1.

Accordingly, it is hereby

ORDERED that plaintiffs' Application (Docket 66) is granted.

IT IS FURTHER ORDERED that plaintiffs Rodney Bradley, individually; and Lucile Bradley, both individually and as the Personal Representative of the Estate of Mark E. Bradley, Deceased, shall have and recover $1,254,163.40, together with prejudgment interest from November 12, 2010, to the date of this order of $97,238.80, together with attorneys' fees of $159,792.42 and $15,459.97 in costs, for a total money judgement of $1,526,654.59 against the defendants MDC Credit Corporation, f/k/a Midcoast Credit Corporation, and Premium Acquisitions, Inc., f/k/a Midcoast Acquisition Corporation, jointly and severally.

IT IS FURTHER ORDERED that post-judgment interest pursuant to 28 U.S.C. § 1961 shall be allowed on the full amount of the judgment.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a judgment in favor of plaintiffs Rodney Bradley, individually; and Lucile Bradley, both individually and as the Personal Representative of the Estate of Mark E. Bradley, Deceased, against the defendants MDC Credit Corporation, f/k/a Midcoast Credit Corporation, and Premium Acquisitions, Inc., f/k/a Midcoast Acquisition Corporation, jointly and severally, consistent with this order.

Dated August 22, 2011.

BY THE COURT:

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE